NO. 07-00-0518-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 24, 2001

______________________________

DIANA LORRAYNE HOWELL,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 36,830-A; HON. DAVID L. GLEASON, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Diana Lorrayne Howell (appellant) appeals her conviction for murder.  Her sole issue concerns questions of competency and whether the trial court erred in failing to 
sua sponte
 inquire into her competency to stand trial.  We overrule the point and affirm the judgment.  

Background

In September of 1996, appellant shot and killed her elderly mother.  The latter had been under the care of her daughter and was watching television at the time.  Despite having given the police and her attorney statements of the incident, she testified at the punishment phase of the trial that her memory of events surrounding the crime was faltering.  This was allegedly so because she endeavored to “black all this out” for “[t]here [was] no way [she] could live with the[] memories.”    However, she did recall becoming so “totally angry” with her parent (who had been complaining at the time) that she “snapped.”  Upon hearing this testimony, and the evidence presented by the State, the jury assessed her with a 25 year prison term.

Standard of Review and Its Application

Before us, appellant argues that events occurred at trial which should have caused the judge to 
sua sponte
 inquire into her competence to stand trial.  Additionally, these events consisted of appellant being unable to recall various circumstances surrounding the crime, her statement that she “snapped” and “blacked” the incident out, and her comment to the prosecutor during cross-examination that she “can’t stand any more of this” and that she would “walk in front of a truck” if the prosecutor desired her to do so.

To be competent to stand trial, one must have a sufficient “present ability” to consult with his lawyer “with a reasonable degree of rational understanding” and a rational and factual understanding of the proceedings against him. 
Tex. Code Crim. Proc. Ann.
 art. 46.02 § 1A(a)(1) & (2) (Vernon’s Supp. 2001).  And, while all defendants are presumed competent, 
id.
 at §1A(b), a trial court must nonetheless inquire into an accused’s competence if  “during trial evidence of . . .  incompetency is brought to [its] attention.”  
Tex. Code Crim. Proc. Ann.
 art. 46.02, §(2)(b) (Vernon 1979); 
Collier v. State
, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997).  Yet, not just any evidence is sufficient to trigger the court’s duty to investigate.  
Indeed, only that which “create[s] a 
bona fide
 doubt in the judge's mind as to the defendant's competence to stand trial” suffices.  
Alcott v.  State, 
No.  0897-00 (Tex.  Crim.  App. LEXIS 53  June 27, 2001).  Moreover, a 
bona fide
 doubt arises “
only
 if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant.”  
Collier v. State
, 959 S.W.2d at 625 (emphasis added); 
accord
, 
Moore v. State
, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999) (stating this to be the rule).  With this said, we turn to the case at bar.

Appellant concedes that there exists no evidence of severe mental illness or moderate retardation.  Instead, focus is placed upon the nature of her criminal act.    Simply put, she contends that the murder of one’s mother is truly bizarre and, therefore, indicative of some present incompetency.  Assuming 
arguendo
 that the murder of one’s relative or parent is bizarre, we cannot ignore the intervening period between the time of the act and the time of trial.  Approximately four years lapsed between the two events.  And, since we are assessing whether appellant lacked the competency to stand trial, the focal point must be defendant’s competency at the time of trial.  
See Moore v. State
, 999 S.W.2d at 394 (stating that indicia of incompetency must be specific and illustrative of “a present inability” to communicate with the defendant).    Acts which occurred four years earlier and which were followed by no other bizarre conduct hardly suggest a 
present
 inability to interact with one’s attorney or a 
present
 inability to rationally and factually understand the legal proceedings involved.  
See Moore v. State
, 999 S.W.2d at 395 (holding that to raise the issue of competency by means of the defendant’s past mental health record, there generally must be evidence of “recent” severe mental illness, bizarre acts or moderate retardation).
(footnote: 1)  

Furthermore, while it may be that murder is out of the norm and unacceptable, that does not necessarily make it bizarre.  This is especially true given the circumstances here.  Appellant shot her mother due to frustration and anger over her mother’s constant criticism.  Indeed, appellant described herself at the time as “mad at everybody,” at herself, and at her inability to control her lot in life.  This motivation does not legitimize the murder, but it nonetheless explains it as a response to emotional upheaval directed at an alleged cause of the turmoil.  Utterly unacceptable in our society murder is.  Yet, bizarre it is not.  Sadly, one need only read the news or sojourn through our prisons to see how commonplace it has become.       

So too does appellant suggest that her 1) lack of memory and 2) comments to the prosecutor about being unable to “stand any more of this” raised 
bona fide
 doubt as to her competency.  To the extent that some courts have suggested that the inability to remember may be evidence warranting further investigation into a defendant’s competency, the circumstances in those cases differ from the facts at bar.  For instance, in 
Casey v. State
, 924 S.W.2d 946 (Tex. Crim. App. 1996), the accused allegedly suffered from psychogenic amnesia and could not recall events from the past 25 years.  Additionally, in 
Reed v. State
, 14 S.W.3d 438 (Tex. App–Houston [14
th
 Dist.] 2000, pet. ref’d) the defendant suffered from seizures, organic brain dysfunction, numbness of the face, and a head injury in addition to loss of memory.  Yet, here we are cited to no evidence of appellant suffering any injury or trauma to the brain which would impact her cognitive abilities.  Moreover, in both 
Casey
 and 
Reed
 , it appeared that the memory loss was attributable to some mental or organic defect in the brain.  Here, appellant admitted that she consciously or intentionally chose to suppress the memories she thought distasteful.  Affirmatively categorizing distasteful memories and then intentionally endeavoring to place them from one’s mind hardly connotes some organic or inorganic mental defect, some inability to rationalize or think, some inability to consult with others  about one’s lot in life,  or some inability to comprehend one’s circumstances and react accordingly.  It  indicates the opposite.  Moreover, and unlike the situation in 
Reed
, appellant did recall relevant aspects of the murder, such as how and why she killed her mother.  The accused in 
Reed
 had no memory of the event for which he was being tried.  In short, appellant forgetting inconsequential detail such as the food she served her mother before the shooting or the extent of her travels the day of the shooting (all having occurred four years before the trial) was and is no evidence raising a 
bona fide
 question as to appellant’s competency. 

Nor does the fact that appellant stated she could not “stand” further interrogation or prosecution by the State cast reasonable doubt upon her competence for several reasons.  First, when taken in context, the comment cannot truly be read as suggestive of some inability to proceed with her defense for, after a short recess, she continued on in a coherent manner.   At best, the utterance depicted frustration, guilt, anger, and depression which emotions do not necessarily correlate with an inability to communicate with counsel or understand the proceedings that  transpired.  
Moore v. State
, 999 S.W.2d at 395 (stating that a defendant’s propensity toward depression does not necessarily correlate with his ability to communicate with counsel or his ability to understand the proceedings against him).      

It has been said that an accused’s own testimony at trial is a good barometer of his competency to stand trial.  
Ryan v. State
, 937 S.W.2d 93, 106 (Tex. App.–Beaumont 1996, writ ref’d).  Here, appellant engaged in extended dialogues with both her attorney and that of the State.  Her answers to the questions propounded correlated to the questions being asked.  They were also coherent and thoughtful.  And, though laced with remorse and guilt on the part of the speaker, the words of appellant did not depict one who lacked the “present ability” to consult with her lawyer “with a reasonable degree of rational understanding” or who lacked a rational and factual understanding of the proceedings against her. 

Accordingly, the trial court was not obligated to 
sua sponte
 inquire into appellant’s competence, and we affirm the judgment.

Brian Quinn

    Justice

Do not publish.

 

FOOTNOTES
1:
The same can be said of the testimony that appellant “snapped” and “blacked-out” the incident.  Momentarily ignoring the fact that what she actually meant when using the terms was that she got very mad and subsequently opted to suppress her remembrance of the crime, those two indicia occurred four years before trial.  Having occurred four years before trial, they were too attenuated to suggest that she was incompetent at the time of trial.