Affirmed and Majority and Dissenting Opinions filed July 17, 2003













Affirmed and Majority and Dissenting Opinions filed July 17, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00457-CR



NO.
14-02-00458-CR

____________

 

JOSEPH REED, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 351st District Court

Harris
 County,
Texas

Trial
Court Cause Nos. 770,116 and 770,135

 



 

M
A J O R I T Y   O P I N I O N








Appellant,
Joseph Reed, was indicted for the felony offenses of theft and possession of a
controlled substance, enhanced with two prior convictions for felony
theft.  Appellant entered a plea of
guilty to the charges and true to the enhancements.  The trial court assessed punishment at 20
years=
confinement for the theft offense and 35 years for the possession of a
controlled substance.  Appellant
subsequently appealed, arguing there was sufficient evidence to require a competency
inquiry prior to sentencing.  See Reed
v. State, 14 S.W.3d 438 (Tex. App.CHouston [14th Dist.]
2000, pet. ref=d).  A panel of this
Court agreed (with one justice dissenting) and remanded the case for a
competency inquiry by the judge.  See
id.  On remand, the trial court held
an inquiry, found that appellant was competent to stand trial, and re-sentenced
appellant.  The trial court supplemented
the record with a copy of a June 1998 psychiatric evaluation that found
appellant was competent to stand trial, but which had not been included in the
record of the original appeal.  The trial
court further noted that appellant refused to comply with the trial court=s
order to submit to a new evaluation. In this appeal, appellant argues the trial
court committed reversible error in failing to conduct either a preliminary
inquiry or a jury trial on appellant=s competency.  We affirm.

Article
46.02 of the Criminal Procedure Code governs a defendant=s
competency to stand trial.  The five-step
inquiry includes the following:

1)
if a competency issue is raised by the defendant, any party, or the court; and

2) evidence of incompetency is
brought to the attention of the trial court by the defendant, any party, or the
court;

3) of the type to raise a bona fide doubt in the judge=s
mind regarding the defendant=s competency to stand trial; then

4) the judge must conduct a Section 2 competency inquiry to
determine if there is some evidence sufficient to support a finding of
incompetence, and if there is,

5)
the judge must impanel a jury for a Section 4 competency hearing.[1]

McDaniel
v. State, 98 S.W.3d 704, 710-11
(Tex. Crim. App. 2003) (emphasis added); see  Tex.
Code Crim. Proc. Ann. art 46.02 '' 1-4 (Vernon 1979 & Supp. 2003).  Each requirement must be fulfilled before proceeding
to the next.  McDaniel, 98 S.W.3d
at 711.








In
the earlier appeal, this Court listed numerous examples of evidence requiring
the trial court to conduct a Section 2 inquiry. 
See Reed, 14 S.W.3d at 439-41. 
On remand, the trial judge held several hearings on the issue of
appellant=s competency and explained to appellant that in order for the
court to re-sentence him, appellant needed to undergo a psychiatric
evaluation.  Appellant refused to submit
to any examination.  The trial judge
found appellant competent and re-sentenced him. 


Appellant
now contends the trial court committed reversible error, because it did not
conduct a competency inquiry or a jury trial on competency prior to
re-sentencing him.  As we have already
indicated, a psychiatrist initially examined appellant and found him sane and
competent.  Following remand of the case,
the trial court held several hearings in an attempt to convince appellant to be
examined a second time.  In a hearing
conducted on April 25, 2002, the trial court stated that, contrary to this
Court=s
first opinion, a competency inquiry was conducted prior to appellant=s
pleas of guilty and that the trial court determined that appellant was sane and
competent.  At the April 25 hearing, the
trial court also stated that it was taking judicial notice of the clerk=s
file, including the prior competency report.[2]  The competency report is attached as an
exhibit to that hearing.  The trial court
further found Anothing contrary has been shown to the court@
and, following re-sentencing, again found appellant sane and competent. 

Based
on the complete record before us, we conclude that the trial court conducted a
competency inquiry.  While part of the Ainquiry@
may have been conducted prior to our original opinion, it is clear that the
trial court considered the issue and made findings.  Thus, although it was informal, a Section 2
inquiry did occur.  See Mata v. State,
632 S.W. 2d 355, 358-60 (Tex. Crim. App. 1982)
(holding that an informal hearing was sufficient).  Accordingly, we overrule appellant=s
first issue. 








            Appellant
also argues the trial court erred in not conducting a jury trial on the issue
of competency to stand trial during the punishment phase of trial.  Appellant contends, under  the law of the case doctrine, that this court
previously determined evidence existed raising the issue of appellant=s
incompetency, and as such, should not be
revisited.  See Howlett v. State, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999).  

Resolution of this appeal
is not governed by the Alaw of the case
@ doctrine.  In its most basic form, the doctrine provides

that
an appellate court=s resolution of
a question of law in a previous appeal of the same case will govern the
disposition of the same issue when raised in a subsequent appeal.  Law of the case is a court‑made
doctrine designed to promote judicial consistency and efficiency that
eliminates the need for appellate courts to prepare opinions discussing
previously resolved matters.  The
doctrine assures trial courts that they can rely on the appellate court=s
disposition of an issue in presiding over the case and provides an incentive
for trial courts to follow these decisions closely. 

Id. at 666 (footnote
and citations omitted).

The
problem with relying on the law of the case in this instance is two fold.  As discussed below, our prior opinion did not
address whether appellant was entitled to a Section 4 competency hearing.  See Reed, 14 S.W.3d at 442 n.16 (AIndeed
our holding is only that the trial court should have made an inquiry.@)
(emphasis added).  Thus, because our
prior opinion was addressing a different issue than that raised in appellant=s
second point of error, it cannot have been Apreviously resolved.@  In addition, as noted
above, one rationale for the doctrine is to assure that trial courts can rely
on the appellate courts= disposition of an issue and provide an incentive for them to
follow the decisions closely.  Here, the trial
judge, in reliance on our prior opinion, and in an apparent attempt to follow
the opinion closely, conducted a competency inquiry.  To now hold, as the dissent would have us
do, that the trial court should have also conducted a competency hearing,
is contrary to the rationale for the doctrine.








Furthermore,
the twenty-one facts and circumstances which Astrongly support[] [appellant=s] claim [that] the court had evidence before it to raise a
bona fide doubt of his competency [to stand trial],@
do not support the conclusion that a Section 4 hearing was required.  See Reed, 14 S.W.3d at 440-41.  The standard for granting a Section 4
competency hearing differs from that requiring a Section 2 competency inquiry.  A Section 2 competency inquiry is required if
the evidence raises a bona fide doubt about a defendant=s
competency to stand trial.  McDaniel,
98 S.W.3d at 710.  Evidence showing Arecent
severe mental illness, at least moderate retardation, or truly bizarre acts by
the defendant@ is usually sufficient to create this doubt.  Id. 
Evidence creating such a doubt Aneed not be sufficient to support a finding of incompetence and
is qualitatively different from such evidence.@  Mata, 632 S.W.2d at 358 (emphasis
added).  At the inquiry, the defendant
must produce evidence Asufficient to support a finding of incompetenc[y]@
to require the trial court to hold a Section 4 competency hearing.  Id.;  Alcott v. State, 51 S.W.3d 596, 601 (Tex.
Crim. App. 2001).

Here,
no evidence was introduced at the inquiry which would support a finding of
legal incompetence.  The 21 points
outlined in our prior decision constitute the type of evidence that would
require the trial court to hold a competency inquiryCwhich
it did.  They do not, however, constitute
sufficient evidence to support a finding of legal incompetence.

In
determining whether there is sufficient evidence to conduct a competency
hearing, the trial court is to consider only the evidence tending to show incompetency, and not evidence showing competency.  See Moore v. State, 999 S.W.2d 385,
393 (Tex. Crim. App. 1999), cert. denied, 530
U.S. 1216 (2000).  A trial court=s
decision whether to conduct a competency hearing is reviewed for abuse of
discretion.  See id.








A
person is incompetent to stand trial if he does not have: (1) sufficient
present ability to consult with [his] lawyer with a reasonable degree of
rational understanding; or (2) a rational as well as factual understanding of
the proceedings against [him].  See
Tex. Code Crim. Proc. Ann. art.
46.02, '
1A(a) (Vernon Supp. 2003).  Information
necessary to sufficiently raise the issue of appellant=s
incompetency must be specific and illustrative of
counsel=s
present inability to communicate with the defendant.  See Moore, 999 S.W.2d at 394.  It is not enough for counsel to allege
unspecified difficulties in communicating with the defendant.  See id.  Evidence of mental impairment alone does not
require a competency hearing where no evidence indicates that a defendant is incapable
of consulting with counsel or understanding the proceedings against him.  See id. at 395.  It is within the purview of the trial judge
to distinguish evidence showing only impairment from that indicating incompetency as contemplated by the law.  See id. at 396.

Appellant
and the dissent claim the 21 points outlined in our prior opinion satisfy this
standard.  Even if it were appropriate
for us to consider the Apre-inquiry@ evidence in determining whether a Section 4 hearing was
required, we note that of the 21 points listed, only four[3]
arguably relate to appellant=s ability to understand the proceedings against him and to
communicate with his lawyer.  The 17
other pieces of evidence relate to appellant=s head injury and mental impairment, but as previously stated,
that alone does not constitute evidence of legal incompetency.  








Two
of the points, 15 and 19, state that appellant filed motions with the trial
court.  Appellant filed a pro se motion
requesting a psychiatric evaluation, as well as other pre-trial motions,
although he had already waived a trial on the merits.  Reed, 14 S.W.3d at 440-41.  Rather than demonstrating incompetency,
we conclude that such behavior demonstrates appellant=s
understanding of the legal process and his ability to function within it.  In addition, appellant filed numerous other
proper motions with the trial court and orally demonstrated a comprehension of
the law by citing to statutes.

The
following two points, 12 and 20, are the only items which possibly indicate
appellant=s inability to communicate with his lawyer or to understand the
proceedings: (12) appellant claimed his defense counsel was conspiring against
him and (20) at the sentencing hearing, appellant did not know what his plea
had previously been.  Id. at
440-41.

Conflicts
with defense counsel do not necessarily constitute incompetency.  The record shows that appellant had at least
three different trial lawyers, and he requested two be  dismissed for ineffective assistance.  During the original proceedings, appellant
filed two pro se motions to dismiss his first attorneys, Ronald N. Hayes and
Samuel Knight.  In a letter to the trial
court, appellant claimed Knight was conspiring against him.  After the case was remanded, appellant had an
additional court-appointed attorney about whom he orally complained to the
trial court.  He made no mention of a
conspiracy, but rather argued that counsel was inadequately representing him.  In each instance, appellant comprehended the
necessary procedure for having court-appointed counsel removed.  He filed motions, wrote a lucid and complete
letter to the judge, and complained in court. 
This behavior is not indicative of an incompetent defendant, but rather
one who does not like his appointed counsel. 
Distrust of  attorneys and a
general failure to cooperate are not probative of competence to stand
trial.  Burks v. State, 792 S.W.2d
835, 840 (Tex. App.CHouston [1st Dist.] 1990, pet. ref=d).  AIf
such actions were probative of incompetence, one could effectively avoid
criminal justice through immature behavior.@  Id.

As
to appellant=s understanding of his plea, he admitted at the Section 2
inquiry that he knew he had pled guilty. 
He had a lengthy discussion with the court regarding whether the
indictment properly reflected the weight of the seized cocaine.  Although appellant claimed in the same
discussion that he did not know what he had pled guilty to, it appears from the
record that appellant was fully aware of what he had been charged with and his
plea.








In
conclusion, because no evidence was adduced at the Section 2 inquiry that would
support a finding of legal incompetence, the trial court did not abuse its
discretion in failing to conduct a Section 4 hearing on this issue.

The
judgment of the trial court is affirmed.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Majority and
Dissenting Opinions filed July 17, 2003.

Panel consists of Chief Justice Brister
and Justices Yates and Edelman. (Brister, C.J. dissenting).

Publish C Tex. R. App. P.
47.2(b).

 

 











[1]  Prior cases
interpreting article 46.02 use the words Ainquiry@ and Ahearing@
interchangeably.  For clarity, we note
that Section 2 governs an inquiry and Section 4 a hearing.





[2]   We note that in
addition to the competency report, the clerk=s file
also contains over 200 pages of medical records from the Texas Department of
Criminal Justice.  The trial judge
requested these medical records, which contain mental health screenings and
evaluations, and included them as part of the trial record.





[3]  The four
points from our prior decision that we consider relevant to this inquiry are:

 

12.  Contrary to
the dissent and State=s argument, the record shows appellant claimed his own
defense counsel was conspiring against him. 


15.  After his
plea, appellant filed motions dealing with a trial of the merits, which he had
already waived.

19.  Appellant
filed pro se motions for independent psychiatric evaluation and to offer
insanity as a defense.

20.  At his
sentencing hearing, appellant stated he didn=t know what his plea was.

 

Reed, 14 S.W.3d at 440-41.