Opinion issued December 8, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00506-CR

———————————

Luke Matthew Teal,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 178th District Court

Harris
County, Texas



Trial Court Case No. 1144223

 



 

MEMORANDUM OPINION

Appellant, Luke Matthew Teal, was
charged by indictment with robbery.[1]  Appellant pleaded not guilty.  The jury found appellant guilty, found two enhancement
paragraphs to be “true,” and assessed punishment at 60 years’ confinement.  In two issues, appellant argues the trial
court erred by (1) not conducting a competency hearing during the trial and (2)
denying his request to instruct the jury on the lesser-included offense of
theft.  The State contends that the
judgment of the trial court erroneously indicates that appellant pleaded true
to two enhancement paragraphs and requests that we modify the judgment to
reflect that appellant pleaded not true.

We modify the judgment of the trial court and affirm as
modified.

                                                                                                                                                                
Background

Jennifer Engdale, complainant, was waiting for her food at
a Jack-in-the-Box drive-through window on the night of December 3, 2007.  She saw appellant wandering around the premises,
his hand wrapped in a bloody towel, yelling for soda water.  After she received her food, appellant
approached, put his hand through her window holding a couple of dollars, and
asked her to buy a soda for him.  Engdale
asked him to remove his hand from her vehicle. 
Appellant then unlocked the door to her car, opened the door, and lunged
inside, reaching for the ignition key. 
Engdale and appellant began to fight for possession of the key.  During the struggle, appellant told Engdale,
“Get out of the car, ma’am. I don’t want to have to shoot you.”  Engdale fled into the Jack in the Box, and
appellant left in the car.

Luis Castro was inside the Jack in the Box when the
incident occurred.  He saw appellant
approach Engdale’s car and the struggle that followed.

Police were notified of the incident, and appellant was
located a short time later in Engdale’s car. 
Appellant tried to elude the police but was ultimately captured and
arrested.

After his arrest, appellant was diagnosed with bipolar
disorder type one, which is characterized by psychotic features including
hearing voices.  The voices appellant
hears tell him to hurt himself, which he has done on multiple occasions.

A psychiatric evaluation was performed on appellant.  The report determined appellant to be
incompetent to stand trial in May 2008. 
Appellant began to receive treatment to return him to a competent
state.  On November 25, 2009, he was
declared competent to stand trial.

Trial was set for June 7, 2010.  Voir dire occurred on that day.  Prior to the commencement of voir dire,
appellant told the trial court three times that he was God.  Early the next morning, appellant cut himself
twice and reported hearing voices.  Appellant’s
counsel then suggested to the trial court that appellant was not competent to
stand trial.  The trial court conducted
an informal inquiry and determined that there was insufficient evidence to
necessitate a full competency hearing.

The jury subsequently found appellant guilty and assessed
punishment at 60 years’ confinement.

                                                                                                                                  
Competency to Stand Trial

In his first issue, appellant argues the trial court
abused its discretion by denying his request for a competency hearing.

A.              
Standard of Review

We review the trial court’s determination on whether to
empanel a jury for the purpose of conducting a competency hearing under an
abuse of discretion standard.  Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999).  A trial court
abuses its discretion if the decision is arbitrary or unreasonable.  Montoya
v. State, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

B.              
Analysis

“A defendant is presumed competent to stand trial and
shall be found competent to stand trial unless proved incompetent by a
preponderance of the evidence.”  Tex. Code Crim. Proc. Ann. art.
46B.003(b) (Vernon 2006).  “A person is
incompetent to stand trial if the person does not have: (1) sufficient present
ability to consult with the person’s lawyer with a reasonable degree of
rational understanding; or (2) a rational as well as factual understanding of
the proceedings against the person.”  Id. art. 46B.003(a).

Determination of competency is a three-stage process.  First, there must be a suggestion of
incompetence.  Id. art. 46B.004(a) (Vernon 2011). 
This can be raised by the defendant, the State, or the trial court.  Id.
art. 46B.004(a), (b).  Second, upon
suggestion of incompetence, the trial court must conduct an informal inquiry to
determine “whether there is some evidence from any source that would support a
finding that the defendant may be incompetent to stand trial.”  Id.
art. 46B.004(c).  Third, if it determines
there is some evidence of incompetence, the trial court must order an
examination for competency and empanel a jury to conduct a competency hearing.  Id.
art. 46B.005(a), (b) (Vernon 2006).

In this case, a suggestion of incompetence was raised by
defendant on the second day of trial, triggering the trial court’s obligation
to conduct an informal inquiry.  See id. art. 46B.004(c).  Appellant takes the position that the trial
court refused to conduct an informal inquiry and that is the posture of the
case on appeal.[2]  We disagree.

In Casey, the
Court of Criminal Appeals held that it was error for a trial court to refuse to
conduct a competency inquiry when the suggestion of competency had been raised
by the defendant’s counsel.  Casey v. State, 924 S.W.2d 946, 949
(Tex. Crim. App. 1996).  In that case,
the defendant’s counsel raised the issue of competence at the end of a hearing
on the State’s motion to revoke probation. 
Id. at 947.  Regardless, the trial court expressly refused
to consider the defendant’s competence to stand trial and refused to rule on
the suggestion.  Id.  

Here, appellant’s counsel brought the suggestion of
competency to the trial court’s attention. 
The trial court indicated it was aware of the bases for the suggestion
of incompetence, explained its reasons for determining that a full competency
hearing was not required, and gave appellant’s counsel an opportunity to state
the factors he considered relevant in determining whether appellant was
competent to stand trial.  As its name
suggests, an “informal inquiry” does not have specific formal
requirements.  The record shows that the
grounds for asserting incompetence to stand trial were presented to and
considered by the trial court.  We hold
the trial court conducted an informal inquiry and determined that a full
competency hearing was not required.  It
is this determination by the trial court that we review.

Because appellant had previously been declared incompetent
to stand trial—and subsequently declared competent—the issue before the trial
court was whether there was new evidence of a change in the defendant’s mental
condition since the last determination of competency.[3]  See
Learning v. State, 227 S.W.3d 245, 250 (Tex. App.—San Antonio 2007, no
pet.); Clark v. State, 47 S.W.3d 211,
218 (Tex. App.—Beaumont 2001, no pet.). 
In determining whether a competency hearing is required, “the trial
court is to consider only the evidence tending to show incompetency, and not
evidence showing competency.”  Moore, 999 S.W.2d at 393.  The trial court must “find whether there is
some evidence, a quantity more than none or a scintilla, that rationally could
lead to a determination of incompetency.” 
Id.; see also Tex. Code Crim.
Proc. Ann. art. 46B.004(c) (requiring trial court to determine whether
there is “some evidence from any source” supporting a finding of
incompetency).  “A competency hearing is
not required unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant
meets the test of legal competence.”  Moore, 999 S.W.2d at 393.[4]  

The new evidence that appellant relies on to show a change
since his previous determination of competence to stand trial is (1) asserting
three times prior to the commencement of voir dire that he was God; (2) cutting
himself twice the next morning before the resumption of trial; (3) claiming to
hear voices telling him to kill himself; and (4) his history of recent mental
illness.

Taking the last point first, appellant’s history of recent
mental illness existed when he had been declared incompetent to stand
trial.  He was subsequently declared
competent to stand trial.  His history of
mental illness was not, then, a new change in his mental condition since his
last determination of competency and, accordingly, was not a ground to support
a new showing of incompetency.  See Learning, 227 S.W.3d at 250; Clark, 47 S.W.3d at 218.  The remaining points, while perhaps
reflective of appellant’s known mental illness, do not demonstrate appellant
lacked the ability to consult with his lawyer or lacked a rational as well as
factual understanding of the proceedings against him.  See
Tex. Code Crim. Proc. Ann. art.
46B.003(a); see also Grider v. State,
69 S.W.3d 681, 685 (Tex. App.—Texarkana 2002, no pet.) (holding evidence that
defendant was paranoid schizophrenic, taking medication, hearing voices, and
seeing visions was not evidence that defendant lacked ability to consult with
lawyer or understand the proceedings); Rice
v. State, 991 S.W.2d 953, 957 (Tex. App.—Fort Worth 1999, pet. ref’d)
(holding that competency test is not whether someone labored under mental,
behavioral, or psychological impairment).

The concurrence quotes additional considerations stated by
the trial court, which indicate that appellant was exaggerating his condition
to try to avoid going to trial.  At a
competency inquiry, however, the trial court is tasked with determining
“whether there is some evidence from any source that would support a finding that
the defendant may be incompetent to stand trial.”  Tex.
Code Crim. Proc. Ann. art. 46B.004(c). 
The Court of Criminal Appeals has made clear that “the trial court is to
consider only the evidence tending to show incompetency, and not evidence
showing competency.”  Moore, 999 S.W.2d at 393.  “[A]ny indicators or alternative explanations
in the record that might have led the trial court to conclude appellant was
competent are legally irrelevant.”  Reed v. State, 14 S.W.3d 438, 441 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d).

The concurrence relies on a Court of Criminal Appeals
opinion to establish that this other information could be considered by the
trial court.  See McDaniel v. State, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003)
(holding appellant courts “cannot ignore the trial court’s first-hand factual
assessment of appellant’s mental competency”). 
The issue under consideration in McDaniels
concerns the first stage of determining incompetence: whether there was a
suggestion of incompetence.  As the court
noted, the defendant’s attorney had requested a competency evaluation but had
not actually raised a suggestion that the defendant was in fact
incompetent.  Id. at 711.  Accordingly, the
issue was whether the trial court was required to sua sponte raise a suggestion of incompetency.  See
Tex. Code Crim. Proc. Ann. art.
46B.004(a) (providing that either party, or court on its own motion, may
suggest incompetence).  The Court of
Criminal Appeals held, in that stage, that the trial court is allowed to
consider both evidence indicating incompetence and evidence indicating
competence.  See McDaniel, 98 S.W.3d at 712–13 (holding evidence before the
trial court indicated competence and highlighting evidence indicating
competence).

Appellant, however, was in a different stage of
determining incompetence.  In the second
stage, the only relevant evidence is evidence suggesting incompetence.  Tex.
Code Crim. Proc. Ann. art. 46B.004(c); Moore, 999 S.W.2d at 393; Reed,
14 S.W.3d at 441.  Accordingly, the
concurrence’s other considerations are irrelevant to our inquiry.

The concurrence also argues that the Court of Criminal
Appeals opinion on which we rely—Moore—supports
the concurrence’s position for considering the evidence establishing that
appellant was exaggerating his condition. 
While we agree with the concurrence that the bases for incompetence
cannot be considered in a vacuum, we disagree that there are no constraints on
what can be considered.  Again, the Court
of Criminal Appeals has made clear that “the trial court is to consider only
the evidence tending to show incompetency, and not evidence showing
competency.”  Moore, 999 S.W.2d at 393.

The concurrence argues the Court of Criminal Appeal’s
consideration of the appellant’s mental health history in Moore means we can consider appellant’s clinical records in this
case.  We disagree.  In Moore,
the defendant raised three grounds that he claimed established his
incompetence: (1) certain comments and outbursts; (2) his mental health
history; and (3) his decision to represent himself during portions of the
trial.  Id.  The Court of Criminal
Appeal considered each of these in turn and determined that none of them were
sufficient to support a finding of incompetence.  Id.
at 393–97.  The concurrence, in contrast,
considers evidence not asserted by appellant to establish incompetence and uses
that evidence to counteract appellant’s bases for incompetence.  Moore provides no authority for this
analysis; instead, it prohibits it.  Id. at 393.

We hold that the trial court did not abuse its discretion
in denying appellant’s request for a full competency hearing.  We overrule appellant’s first issue.

                                                                                                                                         
Lesser-Included Offense

In his second issue, appellant argues the trial court
erred by denying his request to instruct the jury on the lesser-included
offense of theft.

A.              
Standard of Review & Applicable Law

A defendant is entitled to an instruction on an offense if
(1) the offense is a lesser-included offense of the charged offense and (2)
there is some evidence in the record that would permit a jury rationally to
find that if the defendant is guilty, he is guilty only of the lesser
offense.  Guzman v. State, 188
S.W.3d 185, 188 (Tex. Crim. App. 2006).

The analysis of the first requirement is a question of
law.  Hall v. State, 225 S.W.3d
524, 535 (Tex. Crim. App. 2007).  Under
prong one, to be considered a lesser-included offense, the offense must be
included within the proof necessary to establish the offense charged.  Campbell v. State, 149 S.W.3d 149, 152
(Tex. Crim. App. 2004).

If the first prong is satisfied, we then determine, in
prong two, if there is some evidence in the record from which a jury could
rationally find that, if the defendant is guilty, he is guilty only of the
lesser offense.  See id.  If both of the prongs are met, the defendant
is entitled to a charge on the lesser-included offense.  Guzman, 188 S.W.3d at 189.

B.              
Analysis

Appellant was charged with robbery.  See
Tex. Penal Code Ann. § 29.02(a)
(Vernon 2011), § 31.03(a) (Vernon Supp. 2011).  He argues the trial court should have
instructed the jury on the lesser-included offense of theft.  See id.
§ 31.03(a).  The State concedes that
theft is a lesser-included offense of robbery. 
See Earls v. State, 707 S.W.2d
82, 84–85 (Tex. Crim. App. 1986) (holding theft is lesser-included offense of
robbery).  We next consider, then,
whether the jury could have rationally found that, if appellant were guilty, he
was guilty only of the lesser offense of theft. 
See Campbell, 149 S.W.3d at 152.

Theft is defined as unlawfully appropriating property with
intent to deprive the owner of property. 
Tex. Penal Code Ann. § 31.03(a).  A person commits the offense of robbery if:

          in
the course of committing theft as defined in Chapter 31 and with intent to
obtain or maintain control of the property, he:

(1)     intentionally,
knowingly, or recklessly causes bodily injury to another; or

(2)     intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death.

Id. § 29.02(a).

Appellant presents three arguments for why the jury could
have found him guilty of only theft. 
First, he argues that Engdale, the complainant, did not testify that she
was placed in fear by appellant’s threat until the State’s allegedly leading
questions elicited the desired response. 
Second, he argues that Castro’s testimony that he did not hear any
threats was sufficient to allow the jury to determine no threats were
made.  Third, he argues that, because no
weapon was found on him at his arrest, the court should have instructed the
jury on theft.

First, Engdale testified that, during their struggle for
the car key, Appellant said, “Get out of the car, ma’am.  I don’t want to have to shoot you.”  Appellant argues that Engdale’s testimony
that this statement placed her in fear for her life was only obtained as a
result of the State’s allegedly leading questions.  Assuming without deciding that the State
elicited the relevant testimony through leading questions, appellant did not
raise this objection before the trial court and, accordingly, any error is
waived.  See Tex. R. App. P.
33.1(a); see also Myers v. State, 781
S.W.2d 730, 733 (Tex. App.—Fort Worth 1989, pet. ref’d) (holding failure to
object to leading question waives error). 

Second, appellant asserts that Castro, who observed the
incident, did not hear appellant make any threats.  Castro did not testify that appellant did not
make any threats, however.  He testified
that he was inside, that the incident occurred outside, and that, as a result,
he could not hear anything.  This does
not affirmatively show that appellant did not make the threat.  See
Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (holding
evidence must affirmatively show only lesser-included offense committed).

Finally, appellant argues that, because no weapon was
found on him when he was arrested shortly after the incident, the court should
have instructed the jury on theft. 
Appellant relies on Bignall as
authority for this argument.  See id. 


In Bignall, the
defendant was charged with aggravated robbery. 
Id. at 22.  Aggravated robbery, as it applies to that
case, requires the use or exhibition of a weapon.  Id.
at 23; see also Tex. Penal Code Ann. § 29.03(a)(2)
(Vernon 2011).  No verbal threats were
made in Bignall.  See
Bignall, 887 S.W.2d at 22–23.  The
Court of Criminal Appeals concluded that, due to the complainant’s uncertainty
on many key facts and the lack of any weapon when the perpetrators were
arrested a short time later, there was sufficient evidence to suggest that
appellant had only committed theft.  Id. at 24.

Bignall is not
applicable to appellant’s circumstances. 
No one alleged that appellant ever had a weapon.  The basis for his charge of robbery—not
aggravated robbery—is a verbal threat putting Engdale in fear of imminent
bodily injury or death.  Tex. Penal Code Ann. § 29.02(a).  The State was not required to prove that
appellant in fact had a weapon. 
Accordingly, the fact that no weapon was ever found on him has no
bearing on whether appellant could only be found guilty of the lesser-included
offense of theft.

We overrule appellant’s second issue.

                                                                                                      
Modification of Judgment of Trial Court

The State contends that the judgment of the trial court
erroneously indicates that appellant pleaded true to two enhancement paragraphs
and requests that we modify the judgment to reflect that appellant pleaded not
true.

An appellate court
has the authority to reform an error in the judgment when the matter has been
called to its attention by any source.  French v. State, 830 S.W.2d 607, 609
(Tex. Crim. App. 1992) (holding that appellate court could reform judgment to
reflect jury’s affirmative deadly weapon finding and adopting reasoning in Asberry v. State, 813 S.W.2d 526, 529–30
(Tex. App.—Dallas 1991, pet. ref’d) (“The authority of an appellate court to
reform incorrect judgments is not dependent upon the request of any party, nor
does it turn on the question of whether a party has or has not objected in the
trial court.”)); see also Rhoten v. State,
299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (reforming judgment to
correctly reflect appellant’s plea). 
“The Texas Rules of Appellate Procedure also provide direct authority
for this Court to modify the trial court’s judgment.”  Rhoten,
299 S.W.3d at 356 (citing Tex. R. App.
P. 43.2(b) (providing that court of appeals may modify trial court’s
judgment and affirm as modified)).

The record
reflects that, at the punishment phase of the trial, appellant pleaded not true
to the two enhancement paragraphs.  The
judgment asserts, instead, that appellant pleaded true.  We therefore conclude that the judgment
should be modified to reflect that appellant pleaded “not true” to the
enhancement paragraphs.

                                                                                                                                                                   
Conclusion

We modify the
judgment of the trial court to reflect that appellant pleaded “not true” to the
allegations in the two enhancement paragraphs. 
We affirm the judgment of the trial court as modified.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 29.02(a) (Vernon
2011), § 31.03(a) (Vernon Supp. 2011).





[2]           The concurrence claims that we are misinterpreting
appellant’s arguments.  The concurrence,
quoting appellant’s statement of his first issue, argues that appellant
concedes an informal inquiry occurred and argues, instead, that the trial court
reached the wrong conclusion at the end of the inquiry.  We quote the following portions of
appellant’s brief as support for our interpretation that he denied that an
informal inquiry took place:

 

·                   
“No inquiry was done by the trial court”

·                   
“The trial court made no inquiry over the most
recent events detailed above . . . .”

·                   
 “The trial
court’s patent refusal to conduct an inquiry into the competency of Mr. Teal on
the day trial began violated due process and Texas law . . . .”

·                   
“The trial court erred in not conducting an
informal inquiry into Mr. Teal’s competence.”





[3]           The concurrence expresses a concern that our holding
implies that a defendant who has previously been declared incompetent and then
subsequently competent cannot establish incompetence by the same grounds for
which he was found incompetent the first time. 
Our holding has no such implication. 
A relapse could constitute a change in the defendant’s mental condition
since his last determination of competency. 
The relevant inquiry becomes, as it is in this case, whether the
evidence of relapse establishes proof of an inability to consult with the
person’s lawyer with a reasonable degree of rational understanding or the lack
of a rational, as well as factual, understanding of the proceedings against the
person.  See Tex. Code Crim. Proc.
Ann. art. 46B.003(a) (Vernon 2006).





[4]           Effective September 1, 2011, a new subsection was added to
article 46B.004 of the Texas Code of Criminal Procedure.  See
Act of May 19, 2011, 82nd Leg., R.S., ch. 822, § 2, 2011 Tex. Sess. Law
Serv. 1893, 1893 (West) (codified at Tex.
Code Crim. Proc. Ann. art. 46B.004(c–1) (Vernon Supp. 2011)).  The new subsection states, in part, that “the
court is not required to have a bona fide doubt about the competency of the
defendant.”  Id.  We do not need to
determine the effect, if any, of this language to denials of requests for
competency hearings, however, because this subsection was not in effect at the
time of the hearing and neither party has suggested its application.