Affirmed and Memorandum Opinion filed November 24, 2004









Affirmed and Memorandum
Opinion filed November 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00923-CR

____________

 

JEROME H. MITCHELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 914,829

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

In five issues, appellant Jerome
Harris Mitchell challenges his conviction for aggravated robbery, alleging (1)
the trial court erred in failing to conduct a jury trial on the issue of
appellant=s competence and (2)B(5) the
evidence is legally and factually insufficient to support appellant=s
conviction.  We affirm.

I.  Factual Background








On July
18, 2001, an armed man entered a pawn shop managed by Gerardo Paez.  The man pointed a gun at Paez and demanded
all of the shop=s
money.  Paez gave the gunman the money in
the shop=s
drawer.  The gunman then ordered everyone
in the shop to lie down and start singing while he left the shop.  After a couple of minutes, Paez got up and
called the police.  The police put
together a Awanted@ poster
using footage from a surveillance video in the pawn shop.  An anonymous tip then led to appellant=s
arrest.  Appellant was convicted of
aggravated robbery.

II.  Issues and
Analysis

A.        Did
the trial court err in failing to conduct a trial on the issue of appellant=s competency?

In his first issue, appellant
contends the trial court erred in failing to conduct a jury trial on the issue
of whether appellant was incompetent to stand trial.[1]  The conviction of an incompetent defendant
violates due process. See McDaniel v. State, 98 S.W.3d 704, 709
(Tex. Crim. App. 2003).  A defendant is
incompetent if he does not have (1) sufficient present ability to consult with
his lawyer with a reasonable degree of rational understanding; or (2) a
rational as well as factual understanding of the proceedings against him.  Reed v. State, 112 S.W.3d 706, 710
(Tex. App.CHouston [14th Dist.] 2003, pet.
ref=d); see
also Tex. Code Crim. Proc.
art. 46B.003(a) (Vernon Supp. 2004).[2]

The process for evaluating a defendant=s
competency is:

(1)       if a competency issue is raised by the
defendant, any party, or the court; and 








(2)       evidence of incompetency is brought to
the attention of the trial court by the defendant, any party, or the court;

(3)       of the type to raise a bona fide doubt in
the judge=s mind regarding the
defendant=s competency to stand
trial; then 

(4)       the judge must conduct a . . . Acompetency inquiry@ to determine if there is
some evidence sufficient to support a finding of incompetence, and if there is,

(5)       the judge must impanel a jury for a . . .
Acompetency hearing.@

 

McDaniel, 98 S.W.3d at 710B11
(internal footnote omitted).  The trial
court conducted a competency inquiry, so we need only determine whether the
trial court erred in not conducting a competency hearing.

In deciding whether a competency
hearing is required, the trial court must determine Awhether
there is some evidence, a quantity more than none or a scintilla, that
rationally may lead to a conclusion of incompetency.@  Sisco v. State, 599 S.W.2d 607, 613
(Tex. Crim. App. 1980).  The trial court
is to consider only the evidence tending to show incompetency, and to disregard
evidence tending to show competency.  Id.;
Reed, 112 S.W.3d at 710.  We
review the trial court=s
decision whether to conduct a competency hearing for an abuse of discretion. Moore
v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); Reed, 112
S.W.3d at 710.








Appellant argues that he
presented more than a scintilla of evidence because he testified that he was Aconfused@ and that
he was taking the anti-psychotic medications Prozac, Depakote, and
Reserpine.  Appellant=s
conclusory statement that he was confused, without any additional evidence, is
not sufficient to support a conclusion of incompetency.[3]  See McDaniel, 98 S.W.3d at 711
(AThe naked
assertion, >I am incompetent,=
unsupported by any facts or evidence, is not sufficient, by itself, to require
. . . a jury >competency hearing . . . =@).  Nor is appellant=s
statement that he is taking anti-psychotic medications sufficient to support a
conclusion of incompetency.  See Reed,
112 S.W.3d at 710.[4]  Although these factors are the type of
evidence that would require the trial court to hold a competency inquiry, which
it properly did, they do not constitute sufficient evidence that appellant was
unable to consult with his counsel or understand the proceedings against
him.  See id.

Appellant also argues that he presented more than
a scintilla of evidence because his trial counsel testified that appellant was
not able to assist in preparation of the case due to appellant=s
apparent inability to recall the facts of the charged offense:

Counsel:         Judge, my concern is he really hasn=t been able to tell me
what happened out there.

The
Court:      Well, that=s not true >cause you told me what he
has told you.

Counsel:         Well, I mean I asked him some things
about what happened out there.  He says, AI don=t remember.@

The
Court:      Well, he has told you in the
past what happened out there >cause you=ve told me what he has
told you about what happened out there.

Counsel:         There are some things he has told me.  He can=t tell me
everything, though.

Appellant=s
inability to recall the events of the charged offense would not support a
conclusion of incompetency.  See Brown
v. State, 129 S.W.3d 762, 766 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (AAppellant=s . . .
inability to recall past events [and] his inability to recall the circumstances
of his charged offense . . . do not establish the required elements of
incompetency . . . .@)  Additionally, A[i]t is
not enough for counsel to allege unspecified difficulties in communicating with
the defendant.@ 
Reed, 112 S.W.3d at 711.








Because appellant did not present
more than a scintilla of evidence that he was incapable of consulting with his
counsel or understanding the proceedings against him, the trial court did not
abuse its discretion in not conducting a competency hearing.  See id. at 710B11.  We overrule appellant=s first
issue.

B.        Is
the evidence legally and factually sufficient to support appellant=s conviction?

In his second through fifth
issues, appellant contends the evidence is legally and factually insufficient
to support his conviction because the evidence failed to show that he intended
to permanently deprive Paez of his property (issues 2B3)[5]
and the evidence failed to show appellant used a firearm (issues 4B5).

In evaluating a legal‑sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s
evidence or believe that the appellant=s
evidence outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).








In evaluating a
factual-sufficiency challenge, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
We may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt. Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.
at 484B85.  In conducting the factual‑sufficiency
review, we must employ appropriate deference so that we do not substitute our
judgment for that of the fact finder.  Id.
at 481B82.

1.         Is the evidence legally and factually
sufficient to show appellant intended to deprive Paez of his property
permanently?

In his second and third issues,
appellant contends the evidence is legally and factually insufficient to show
he intended to deprive Paez of his property permanently.  The offense of aggravated robbery requires
proof that the defendant committed theft, which, in turn, requires proof that
the defendant intended to deprive the owner of the property permanently or for
an extended period of time.[6]  See Tex.
Penal Code Ann. '' 29.02B.03
(Vernon 2003), ''
31.01(2)(A), 31.03 (Vernon Supp. 2004). 
Appellant relies on testimony that the money taken during the heist was
left at the pawn shop to show that he did not intend to take the money
permanently or for an extended period of time. 
In evaluating legal sufficiency, we disregard this testimony because the
jury could have chosen to disbelieve it. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  Instead, we consider only
evidence tending to support the verdict. 
See Wesbrook, 29 S.W.3d at 111.  The verdict is supported by Paez=s
testimony that appellant pointed a gun at him and said, AYou know
what this is, give me the money.@  After appellant was given the money from one
drawer, he also demanded: AGive me
the other drawer.  I want the money in
the other drawer. . . .  [O]pen up the
safe.  I want the money out of the safe.@  A rational jury could have concluded from
this evidence that appellant intended to deprive Paez of his property
permanently.  We conclude the evidence is
legally sufficient, and overrule appellant=s second
issue.  See id.

In evaluating factual sufficiency, we evaluate all
of the evidence, including that contrary to the verdict.  See Zuniga, 144 S.W.3d at 484.
The only evidence contrary to the verdict is the following testimony by Paez:








Q:        Did [appellant] leave the gun?

A:        Yes, he did.

Q:        And did he leave the money?

A:        Yes, he did.

However, the jury rationally could have
disbelieved this evidence or considered it a misstatement in light of
conflicting testimony that a large sum of money ($300) was taken and that the
gun was never recovered.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1998).  Finally, even if the jury determined
appellant left the pawn shop without the money, the jury nonetheless could have
determined that appellant acted with the intent to deprive Paez of his property
permanently.  See Romo v. State,
700 S.W.2d 633, 635 (Tex. App.CHouston
[14th Dist.] 1985, no pet.) (affirming conviction for aggravated robbery in
which no money was taken because A[t]he
code does not require the completion of the act of theft; rather, the
act need only be committed with the intent to obtain or maintain control
of the property.@).  We conclude the evidence is factually
sufficient and overrule appellant=s third
issue.  See Zuniga, 144
S.W.3d at 481B85.

2.         Is the evidence legally and factually
sufficient to show appellant used a firearm?

In his fourth and fifth issues,
appellant contends the evidence is legally and factually insufficient to show
he used a firearm during the robbery. 
Generally, the offense of aggravated robbery requires proof only that
the defendant used a deadly weapon during the robbery.  Tex.
Pen. Code Ann. '
29.03(a)(2) (Vernon 2003).  However,
because the State alleged in the indictment that appellant used Aa deadly
weapon, to wit: A FIREARM,@ the
State was required to prove that the deadly weapon used was, in fact, a
firearm.  See Arthur v. State, 11
S.W.3d 386, 389 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  Appellant argues that the evidence was
insufficient to show he used a Afirearm@ and not
merely a Agun.@








A Afirearm@ is
defined as a Adevice designed, made, or adapted
to expel a projectile through a barrel by using the energy generated by an
explosion or burning substance or any device readily convertible to that use.@  Tex.
Penal Code Ann. ' 46.01(3)
(Vernon 2003).  AGun@ is a
much broader term than Afirearm,@ and can
include BB guns, blow guns, pop guns, and grease guns.  Arthur, 11 S.W.3d at 389; Benavides
v. State, 763 S.W.2d 587, 588 (Tex. App.CCorpus
Christi 1988, pet. ref=d).  The jury is allowed to make a reasonable
inference from the evidence that the Agun@ at issue
is in fact a Afirearm.@  Toy v. State, 855 S.W.2d 153, 159
(Tex. App.CHouston [14th Dist.] 1993, no
pet.); Benavides, 763 S.W.2d at 589. 
Among the factors we may consider in evaluating the reasonableness of
the jury=s
determination are (1) the description of the gun, see Arthur, 11
S.W.3d at 389 (gun was described as an Aautomatic@ and Anot a
revolver@); Benavides,
763 S.W.2d at 589 (gun was described as an Aautomatic@); (2) a
comparison to a firearm displayed at trial, see Arthur, 11 S.W.3d
at 389 (witnesses testified gun was similar to or could be the exhibit at
trial); and (3) the manner in which the gun was used, see Toy,
855 S.W.2d at 159 (gun was used in threatening manner that suggested it was Aa firearm
rather than merely a gun of the non‑lethal variety@).

The jury reasonably could have
concluded from the evidence that appellant used a Afirearm.@  Paez testified the gun used was an Aautomatic,@ Aan actual
firearm,@ and not Asomething
like a BB gun [or] pellet gun.@  Both Paez and another witness testified the
gun used was similar to a nine-millimeter Smith & Wesson handgun displayed
at trial.  Paez testified that appellant
pointed the gun at Paez=s head
and said, AYou know what this is, give me
the money.@ 
Viewing the evidence in the light most favorable to the verdict, we
conclude that the evidence is legally sufficient to show appellant used a
firearm and overrule appellant=s fourth
issue.  See Wesbrook, 29
S.W.3d at 111.  Viewing the evidence in a
neutral light, and given that there was no contrary evidence, we also conclude
that the evidence is factually sufficient to show appellant used a firearm and
overrule appellant=s fifth
issue.  See Zuniga, 144
S.W.3d at 481B85.








Having overruled all of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed
November 24, 2004.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  The State
argues that appellant waived this issue because his objection at trial does not
comport with his complaint on appeal.  See
Tex. R. App. P. 33.1(a)(1).  At trial, appellant requested a continuance,
which does not comport with the issue raised in his appellate brief.  However, if the evidence raised a bona fide
doubt as to appellant=s competency, the trial court was required to sua
sponte conduct an inquiry as to whether a jury trial on competency was
necessary.  See Alcott v. State,
91 S.W.3d 596, 601 (Tex. Crim. App. 2001). 
The trial court did so and found Athat
there is no evidence today to warrant a jury trial as to his competency to
stand trial today.@  Presuming that
appellant preserved error as to this determination, we hold that the trial
court did not err in ruling that a jury trial on appellant=s competency was unnecessary.





[2]  Article
46B.003 recodifies the former Texas Code of Criminal Procedure article 46.002,
section 1A, which was in effect at the time of appellant=s trial.





[3]  Additionally,
appellant=s statement that he was confused was made in response
to a question by the trial court as to whether appellant understood that he was
prohibited from giving an explanation for his involvement in the case to the
court because the case was to be decided by a jury.  Appellant=s
misunderstanding of court procedures does not indicate that he was unable to
consult with his lawyer or that he lacked a rational understanding of the
proceeding against him.





[4]  Although we
did not detail the evidence cited by the defendant in the Reed opinion
cited above, we noted in a prior, related opinion that the defendant presented
evidence he was Aon anti‑psychotic and anti‑seizure
medication.@  Reed v.
State, 14 S.W.3d 438, 442 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).





[5]  Appellant does
not contest Paez=s Aownership@ of the
property by virtue of managing the pawn shop. 
See Tex. Penal Code Ann.
' 1.07(a)(35) (Vernon Supp. 2004B05) (defining Aowner@ as one who has Aa
greater right to possession of the property than the actor@).





[6]  The defendant
can also deprive the owner of his property in other ways not applicable
here.  See Tex. Penal Code Ann. '
31.01(2)(B)B(C) (Vernon Supp. 2004).