NO. 07-05-0182-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 5, 2006
_____

BARRY DWAYNE MINNFEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,678-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Barry Dwayne Minnfee appeals his conviction for robbery via two issues. The first concerns whether the trial court should have inquired into whether he was competent to stand trial. The second involves whether his trial attorney rendered effective assistance. We affirm the judgment of the trial court.

*Competency*

In his first issue, appellant complains that the trial court should have inquired into his competency once his counsel filed a motion for the appointment of a psychologist and given his supposed bizarre acts. We overrule the issue.

A person is incompetent to stand trial if he lacks a 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or 2) rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon Supp. 2005). And, while a defendant's potential incompetency may be raised by motion, *id.* art. 46B.004(a), conclusory allegations in the motion are not enough to trigger the need for investigation by the trial court. *McDaniel v. State*, 98 S.W.3d 704, 711 (Tex. Crim. App. 2003). Rather, "evidence" must be brought to the trial court's attention, *id.*, and that evidence must be of the ilk to raise a *bona fide* doubt in the judge's mind about the defendant's competency. *Id.*; *Alcott v. State,* 51 S.W.3d 596, 601 (Tex. Crim. App. 2001). Finally, evidence is usually sufficient to create such a doubt if it shows recent severe mental illness, moderate mental retardation, or truly bizarre acts by the defendant. *McDaniel v. State,* 98 S.W.3d at 710; *Alcott v. State,* 51 S.W.3d at 599 n.10.

The "evidence" alluded to by appellant allegedly satisfying the *McDaniel* standard consisted of the following: 1) trial counsel's statement that he had "some questions personally about . . . [appellant's] ability to think clearly and . . . to help any counsel in the preparation of his case . . .," 2) the numerous pleadings filed by appellant, some of which refer to his death or injury at the hands of the judge, his attorney, and the district attorney, 3) appellant's statement that he believed his counsel was working with the district attorney, 4) appellant's belief that the attorney general had some authority over the cause, 5) appellant's belief that he was being tried on a different matter, and 6) the rapidity of appellant's mood swings. As to the contents of the motion, none allude to acts indicative of incompetency. Rather, defense counsel simply explained that appellant's competency had yet to be assessed, that he was too poor to hire his own psychologist, a psychologist

2

was needed to determine appellant's competency and sanity, and the appointment of same would assist in appellant's defense. So given the absence of anything other than conclusory statements, its contents were not evidence suggestive of incompetency. *McDaniel v. State*, *supra*.

Nor did the pretrial conversation between defense counsel, appellant, and the trial court provide the missing evidence. The exchange can best be described as dialogue evincing appellant's dislike for his trial counsel and desire for another attorney, *i.e.* one of his own choosing. *See Reed v. State*, 112 S.W.3d 706, 711 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd) (stating that conflicts with counsel do not necessarily illustrate incompetency). And, while appellant's dislike for his counsel lead to his refusal to respond to the questions asked him by the trial court, appellant's belligerence evinced an understanding of the proceedings, attempts at manipulation of those proceedings, and a desire to delay his prosecution. At the very least, the trial court could so have reasonably interpreted them.

Nor did appellant's act of filing numerous pretrial motions, when viewed separately or in conjunction with his conduct in general, depict evidence indicative of incompetency. Rather, his motions to suppress evidence, for a speedy trial, to subpoena particular witnesses, for bond, and the like evinced an understanding of his circumstances and the legal process as well as his desire to protect what he perceived to be his rights. *See Reed v. State, supra*, (noting that appellant's filing of motions demonstrated an understanding of the legal process and his ability to function within it).

In sum, the record before the trial court did not give rise to a *bona fide* doubt regarding appellant's present ability to consult with his attorney with a reasonable degree

3

of rational understanding or his rational and factual understanding of the legal proceedings to which he was subjected. So, the trial court did not abuse its discretion in overruling the motion at issue. *See Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999) (holding that the decision to hold a competency hearing lies within the trial court's discretion).

*Effectiveness of Counsel*

Next, appellant contends that his trial attorney was ineffective because he failed to 1) investigate and prepare for trial, 2) bring forth evidence of appellant's tattoos, and 3) investigate appellant's mental health. We overrule this issue as well.

To prevail on a claim of ineffective assistance, an appellant must show not only deficient performance but prejudice arising from that deficiency. *Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Moreover, his claim must be firmly founded in the record. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Regarding the allegation about investigating appellant's mental competency, we immediately note that counsel did move to have his client examined and did so at the time he did to determine whether there actually was basis for the motion; this smacks of trial strategy as opposed to neglect. Moreover, the record before us lacks indication of incompetence. Thus, we can hardly criticize counsel for omitting to do that which appellant failed to show was warranted.

As to the purported failure to investigate, appellant fails to explain what could have been discovered and how it would have benefitted him or affected the trial's outcome. Given this, we cannot say that any supposed neglect on the part of his trial attorney resulted in prejudice.

4

Finally, while appellant's identity as the robber was at issue in trial, we cannot say that trial counsel's failure to have appellant show his tattoos to the jury was ineffective. First, implicit in his argument is the assumption that appellant had tattoos when he robbed the store; appellant cites us to no evidence establishing that. And, unless established, it does not matter whether he had tattoos at trial. Second, tattoos may be indicative of gang involvement or prior imprisonment and either possibility is something which a lawyer may not care to share with a jury. In other words, what appellant deems neglect may have actually been reasonable trial strategy, which we cannot impugn.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.