569-15  570-15  571-15  572-15

No. _____

## COURT OF CRIMINAL APPEALS OF TEXAS

Victor White . APPELLANT

ORIGINAL

v.

STATE OF TEXAS. APPELEE

APPEAL From The Court of APPEALS For The ELEVENTH DISTR-
ICT. At EASTLAND. TEXAS. In # 11-13-00094: 11-13-00095: 11-13-
00096: 11-13-00097: T.C. #'S D38 T 103: D38-104: D38-105:
D38-106. In The 358ᵗʰ DISTRICT COURT OF ECTOR COUNTY.
TEXAS:

APPELLANT'S  PETITION  For  DISCRETIONARY  REVIEW.

FILED IN
COURT OF CRIMINAL APPEALS

JUL 2 1 2015

Abel Acosta, Clerk

Prepared By
Victor D. White. Pro Se
TDCJ # 01835870
Michael Unit
2664 FM 2054
TENN. COLONY.TX 75886

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 17 2015

Abel Acosta, Clerk

i

# TABLE of CONTENTS

Authorities _____ 1.
STATEMENT REGARDING ORAL ARGUEMENT _____ 2.
STATEMENT OF The case _____ 3.
PROCEDURAL History _____ 3.
Reason For REVIEW _____ 4.
STATEMENT of Facts _____ 5.
ARGUMENT and Authorities _____ 6.
PRAYER _____ 7.
CERTIFICATE of SERVICE _____ 8.
APPENDIX _____ 
OPINION of The 11th Court of APPEALS _____ 9.

# Index of Authorities

## Cases

Alcott v. State. 51 S.W. 3d 596.599 (Tx. Cr. App 2001) ___ 6
Barbe v. State. 737 S.W 2d 823.(Tx. Cr. App 1987) ___ 6
Collier v. State. 959 S.W. 2d 621.625.(Tx. Cr. App 1997) ___ 6
Fuller v. State. 253 S.W. 3d 220.228.(Tx. Cr. App 2008) ___ 6
Gonzales v. State. 313 S.W. 3d 840.(Tx. Cr. App 2010) ___ 6
Montoya v. State. 291 S.W. 3d 420.424(Tx. Cr. App 2009) ___ 6
Moore v. State. 999 S.W. 2d 385.(Tx. Cr. App. 1999) ___ 6
Morris v. State. 301 S.W. 3d 281.(Tx. Cr. App. 2009) ___ 6

## Statutes

Tx. C.C.P. Art. 46B. 003 (a) ___ 6
Tx. C.C.P. Art. 46B. 004 (a) ___ 6
Tx. C.C.P. Art. 46B. 004 (b) ___ 6
Tx. C.C.P. Art. 46B. 004 (c) ___ 6
Tx. C.C.P. Art. 46B. 005 (a) ___ 6
Tx. C.C.P. Art. 46B. 024 (1) ___ 6
Tx. C.C.P. Art. 46B. 024 (2) ___ 6

## Statement Regarding
## Oral Argument

Oral argument is not requested. This is a simple, and clear issue.

## Statement of the case and
## Procedural History

On December 7, 2010 appellant was charged with Attempted Capital murder (Four counts); Attempted murder and aggrevated assault on December 14, 2012 Appellant was found guilty by a jury and sentenced to concurrant life sentences and find on the same day. Notice of Appeal was filed on December 2012, 21 day. Appellate court affirmed in a unpublished opinion March 26, 2015.

## Reason for Review

The court of Appeals has deeied an important question of Laws in a way which conflicts with the Applicble rulings of The Court of criminal appeals.

## Statement of Facts

Through The course of preliminary hearings and trial. The issue of appellant's competency was raised by motion and suggested by observed behavior. See e.g. 2 RR 10: CR 11-12: 3 RR 3-5: 6 RR 67: 6 RR 76: 6 RR 90-91: 7 RR 218: 8 RR 75-89: 8 RR 197: 8 RR 201: 8 RR 239: 8 RR 253: 8 RR 254-255: 8 RR 259-261:

## Argument and Authorities

The trial court was presented with multiple sources of some evidence suggesting that appellant may have been incompetent to stand trial. The motion of trial Counsel. Trial court's observations and multiple witnesses provided the trial court with ample evidence to raise a bona fide doubt and trial court had an obligation to conduct an inquiry.

The court of appeals ought to have reversed and remanded based on the court of criminal appeals prior ruling in:

Alcott v. State. 51 S.W. 3d 596.599. (Tx. Cr. App. 2001)
Barber v. State. 737 S.W. 2d 823 (Tx. Cr. App. 1987)
Collier v. State. 959 S.W. 2d 621.625. (Tx. Cr. App. 1997)
Fuller v. State. 253 S.W. 3d 220.228. (Tx. Cr. App. 2008)
Gonzales v. State. 313 S.W. 3d 840. (Tx. Cr. App. 2010)
Montoya v. State. 291 S.W. 3d 420.424. (Tx. Cr. App. 2009)
Morris v. State. 301 S.W. 3d 281. (Tx. Cr. App. 2009)

And  TX. C.C.P. Art.  46B.003  (a)
TX. C.C.P. Art.  46B.004  (a)
TX. C.C.P. Art.  46B.004  (b)
TX. C.C.P. Art.  46B.004  (c)
TX. C.C.P. Art.  46B.005  (a)
TX. C.C.P. Art.  46B.024  (1)
TX. C.C.P. Art.  46B.024  (2)

Which together make it plain that the appelant court Ruling Flies in the face of established and settled Law.

## Prayer

Wherefore, Premises considered, Petitioner Victor D. White, Pro Se, Prays The Court of Criminal Appeals will reverse the Judgement of The Court of Appeals and remand with instructions to remand appellant for a New Trial. Appellant further requests all other relief this court can afford him.

Respectfully
Submitted

*Victor D. White*
Victor D. White
Pro Se Petitioner

7.

# Certificate of Service

I hereby certify that a true and correct copy of this Petition was served on the State by mailing same in U.S. mail. Postage paid To:

On The 13 Day of July 2016

*Victor D. White*
Victor D. White
Pro Se

8.

# APPENDIX



In The

# Eleventh Court of Appeals

Nos. 11-13-00094-CR, 11-13-00095-CR,
11-13-00096-CR, & 11-13-00097-CR

**VICTOR WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 358th District Court

Ector County, Texas

Trial Court Cause Nos. D-38,103, D-38,104, D-38,105, & D-38,106

## MEMORANDUM OPINION

These four appeals arise from four trial court proceedings tried together in a single trial. Victor White appeals his multiple convictions for attempted capital murder, attempted murder, and aggravated assault. In Trial Court Cause No. D-38,103 (our Cause No. 11-13-00094-CR), the jury convicted Appellant of the attempted capital murder of Richard Tijerina, a peace officer acting in the lawful discharge of an official duty. In Trial Court Cause No. D-38,104 (our Cause No. 11-13-00095-CR), the jury convicted Appellant of the attempted capital murder of

Steven McNeill, a peace officer acting in the lawful discharge of an official duty. In Trial Court Cause No. D-38,105 (our Cause No. 11-13-00096-CR), the jury convicted Appellant of three offenses: attempted capital murder of more than one person during the same criminal transaction, namely, Lucas Bedrick and Billy Stevens; attempted murder of Lucas Bedrick; and aggravated assault of Lucas Bedrick. In Trial Court Cause No. D-38,106 (our Cause No. 11-13-00097-CR), the jury convicted Appellant of the attempted capital murder of Don Billingsley, a peace officer acting in the lawful discharge of an official duty. The jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life for each of the four attempted capital murder convictions, for twenty years for the attempted murder conviction, and for twenty years for the aggravated assault conviction, with all of the sentences to be served concurrently. The jury also assessed a $10,000 fine for each of the six convictions.

In his sole issue in all four appeals, Appellant argues that the trial court erred when it failed to sua sponte conduct an informal inquiry into Appellant's competency. He contends that the evidence before the trial court raised a bona fide doubt as to his competency to stand trial. We affirm.

*Background Facts*

Appellant does not challenge the sufficiency of the evidence to support his conviction. Accordingly, we will limit our discussion of the evidence presented at trial.

The underlying proceedings arise from an armed standoff between Appellant and several law enforcement agencies that resulted in Appellant shooting several peace officers. Lucas Bedrick and Billy Stevens, landmen for Whiting Oil and Gas Corporation, testified that Appellant left notes on the well alleging that his water was being contaminated by the oil and gas production on his property. Bedrick

2

and Stevens testified that Appellant also left a sign stating, "to all involved with well company rep won't drink my water" and "s[t]ay out." Upon seeing this sign, Bedrick and Stevens left Appellant's property to consult with the company's lawyer.

The next day, Bedrick and Stevens returned to Appellant's property. Deputy Richard Tijerina of the Ector County Sheriff's Department met them there. Deputy Tijerina drove onto Appellant's property, and Bedrick and Stevens followed. Deputy Tijerina parked his patrol vehicle and walked toward Appellant's residence. After engaging in conversation with Appellant, Deputy Tijerina turned to Bedrick and Stevens to talk to them. Appellant then fired at Deputy Tijerina. Deputy Tijerina was shot in his shoulder and then in the ankle while running away from Appellant's residence. Deputy Tijerina was also shot in the hamstring. Appellant continued to fire shots at Deputy Tijerina, Bedrick, and Stevens as they ran away. Stevens was picked up on the highway by a passing truck. He had blood running down his arm from when he fell several times while running away. Bedrick and Deputy Tijerina took cover behind a storage shed. Bedrick was shot in the leg while he was standing there.

Deputy Steven McNeill of the Ector County Sheriff's Department responded to Appellant's property after he learned that Deputy Tijerina had been shot. Deputy McNeill entered Appellant's property and heard gunfire from what he believed to be a rifle. Deputy McNeill then lay flat on the ground to avoid the gunfire. He heard a gunshot fired toward him. The bullet hit the ground in front of Deputy McNeill and then hit him in the head. Deputy McNeill was picked up by armored car and transported to the hospital.

Corporal Don Billingsley of the Lubbock Police Department was deployed to the scene in an armored personnel carrier. His team drove to the back of the compound where he exited the back of the vehicle in an attempt to ready his

weapon. Billingsley heard "the rounds coming." He reentered the carrier and looked out the bullet-resistant glass to determine where the bullets were coming from. One bullet penetrated the carrier and struck Billingsley on his head after ricocheting off the armored personnel carrier. Billingsley's fellow officers were able to stop the bleeding.

The standoff between Appellant and authorities lasted almost twenty-four hours. Eventually, one of the armored personnel carriers was able to fire nonflammable tear gas canisters into Appellant's residence. Appellant attempted to deploy an incendiary device toward the officers in front of his residence. When Appellant ignited the device, it caused his house to catch on fire. Appellant then exited the residence and surrendered.

On March 30, 2011, Appellant's first trial counsel, David Zavoda, filed a motion to have Appellant examined by a psychiatrist. The motion alleged that "[i]nformation has come to the attention of said attorney, which raises the question of whether the Defendant is mentally competent to stand trial at this time." The trial court held a hearing on the motion on April 1, 2011. Zavoda argued that he "would just feel comfortable if we have a psychiatric examination as to competency only at this point in time." Zavoda expected "it to come back that [Appellant] is competent, but just for the record, I would feel more comfortable if we have an examination done at this time well prior to trial." The following exchange then took place:

> THE COURT: And your opinion is your client is requesting this?
>
> [APPELLANT]: No, I am not.
>
> THE COURT: Okay.
>
> [PROSECUTOR]: Your Honor, the State does not formally agree to the motion. I understand Mr. Zavoda's reasons. We will just leave it up to the Court's discretion under Article [46B.004].

4

[APPELLANT]: Judge, may I ask a question?

THE COURT: You may.

[APPELLANT]: Who wanted this competency hearing?

MR. ZAVODA: I moved for it.

[APPELLANT]: Mr. Zavoda, with our conversation, I don't think I want you as an attorney anymore and I ask --

THE COURT: [Appellant], Mr. Zavoda is your attorney. You can say whatever you want to about it in the record but he is your attorney and that's that. Anything else?

[APPELLANT]: Sir --

MR. ZAVODA: We have nothing further -- I have nothing further.

[APPELLANT]: I don't think he is in my best favor.

THE COURT: Anything else?

MR. ZAVODA: Not from defense counsel, Your Honor.

THE COURT: For the time being, I am going to deny the motion.

Throughout the underlying proceedings, Appellant had disagreements with his appointed attorneys. During a hearing on pretrial motions, Appellant announced to the trial court, "I would like to file as a defense case Otis McDonald versus Chicago in my defense."[1] He also informed the trial court that he "would also like to file the Supreme Court rules in the Federal police powers." Appellant undertook both these acts against the advice of Zavoda. In response, the trial court reminded Appellant that Zavoda was his attorney, and it asked Zavoda to continue in that capacity.[2]

---

[1] *See McDonald v. City of Chicago*, 561 U.S. 742 (2010).

[2] At some point in the proceedings, Zavoda was replaced by other appointed counsel. The record does not reflect the reasons for the substitution of counsel.

5

At trial, Appellant made sidebar comments during other witnesses' testimony. Appellant indicated that he wanted to represent himself and said, "I am not getting the Sixth Amendment right of protected legal counsel." The trial court responded that Appellant's counsel "has a very difficult situation there of trying to listen to the witness, trying to get ready to cross examine the witness, because you won't be quiet. You talk and talk and talk. I hear you. You know, you are interrupting everything. But once again, I strongly advise you not to do this." Appellant responded by saying, "I would rather hang myself than a lawyer that is not going to do the job." After discussions between Appellant and the trial court, Appellant signed a waiver of counsel, but signed it "all rights reserved." The trial court said this was not acceptable and refused to accept it, and Appellant responded: "Well, I think I am being violated and I think I have to be forced to follow Federal Rules of Civil Procedure and charge you with collusion of obstruction of justice and accessory after the facts and that is all I need to say to you." The trial court rejected the waiver, and the trial continued with counsel. Appellant also testified on his behalf after being admonished by his counsel.

*Analysis*

The conviction of an accused person while he is legally incompetent to stand trial violates due process. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003); *Iniquez v. State*, 374 S.W.3d 611, 614 (Tex. App.—Austin 2012, no pet.). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person can be considered incompetent if (1) they do not have sufficient present ability to consult with their lawyer with a reasonable degree of understanding or (2) they do not have a rational and factual understanding of the proceedings. *Id.* art. 46B.003(a).

6

The procedure by which a trial court determines competency is set out in Chapter 46B of the Texas Code of Criminal Procedure. *Id.* ch. 46B (West 2006 & Supp. 2014). "This determination involves a two-step process: first, an informal 'competency inquiry'; and second, if applicable, a mandatory 'competency examination' and formal 'competency hearing.'" *Iniquez*, 374 S.W.3d at 615. In the first step, the trial court conducts an informal inquiry, known as a competency inquiry, to determine whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* If the trial court determines that such evidence exists, the court proceeds to the second step, at which time the court must order a psychological examination to determine whether the defendant is competent to stand trial. *Id.* In addition, the court generally must conduct a formal trial, known as a "competency hearing," in which a factfinder determines "whether the defendant is incompetent to stand trial on the merits." *Id.*

These appeals concern the initial competency inquiry by the trial court. A competency inquiry is required if evidence raising a bona fide doubt as to the defendant's competence to stand trial comes to the trial court's attention.[3] *See Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008); *Kostura v. State*, 292 S.W.3d 744, 746–47 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A bona fide doubt is a real doubt in the judge's mind as to the competency of the defendant. *Alcott v. State*, 51 S.W.3d 596, 599 n.10 (Tex. Crim. App. 2001). Evidence that raises a bona fide doubt need not be sufficient to support a finding of incompetence

---

[3]In *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009), the Court of Criminal Appeals held that evidence that a "suggestion" of incompetency sufficient to trigger an informal inquiry was the same as the bona fide doubt standard from the previous statutory regime. As subsequently noted by the court in *Turner v. State*, 422 S.W.3d 676, 691–92 (Tex. Crim. App. 2013), the legislature subsequently rejected the bona fide doubt standard for purposes of Article 46B.004. However, that amendment did not become effective until September 1, 2011, several months after Appellant's pretrial motion for examination. *See* Act of May 24, 2011, 82d Leg., ch. 822, §§ 2, 21(b), 2011 Tex. Gen. Laws 1894, 1895, 1901 (effective Sept. 1, 2011) (adding subsection (c–1) to Article 46B.004).

7

and is qualitatively different from such evidence. *Id.* Evidence is usually sufficient to create a bona fide doubt if it shows "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." *McDaniel*, 98 S.W.3d at 710.

We review the trial court's determination about whether a bona fide doubt exists for an abuse of discretion. *Montoya*, 291 S.W.3d at 425. Because the trial court is able to observe the behavior of a defendant in person, it is "in a better position to determine whether [the defendant is] presently competent." *Id.* at 426. Therefore, we do not substitute our judgment for that of the trial court, and we will only reverse the trial court if its decision was arbitrary or unreasonable. *Id.*

Appellant contends that the following matters raised a bona fide doubt about his competency: Zavoda's motion to have him examined by a psychiatrist, his inability to consult with trial counsel, the testimony from State's witnesses, and his own testimony. We disagree. As noted previously, the trial court conducted a pretrial hearing on Zavoda's motion to determine whether Appellant should be examined by a psychiatrist. Zavoda gave no basis for the examination beyond merely stating that he "would just feel comfortable if we have a psychiatric examination as to competency only at this point in time." The motion itself merely states that "[i]nformation has come to the attention of said attorney, which raises the question of whether the Defendant is mentally competent to stand trial at this time." Furthermore, Zavoda informed the court at the hearing that he "would expect it to come back that [Appellant] is competent." "The appellant's assertion of incompetency, unsupported by facts or evidence, is not sufficient, by itself, to show the trial court erred in failing to *sua sponte* order him evaluated to determine his mental[] competency." *Fuller*, 253 S.W.3d at 229.

We conclude that the trial court essentially conducted an informal competency inquiry by considering Zavoda's motion to have Appellant examined

by a psychiatrist. In conducting the hearing, the trial court observed Appellant's behavior and interaction with both the court and Zavoda. Appellant interjected that he did not want a competency examination. Appellant further expressed his displeasure with Zavoda for filing the motion and asked for a different attorney. Based on our review of the record, the trial court could have reasonably found that there was no evidence raising a bona fide doubt regarding Appellant's ability to consult with his attorneys with a reasonable degree of rational understanding or as to his rational, as well as factual, understanding of the proceedings against him. *See id.* at 228.

Appellant additionally contends that his difficulties with appointed counsel also served as a basis for the trial court to inquire into his competency to stand trial. However, the isolated fact that Appellant refused to cooperate with his trial counsel is not evidence of incompetency to stand trial. *See Turner*, 422 S.W.3d at 691; *Reed v. State*, 112 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("It is not enough for counsel to allege unspecified difficulties in communicating with the defendant."). Further, the testimony of other witnesses and his own testimony regarding the events surrounding the standoff and the history leading up to it concerned events occurring more than two years prior to trial. They did not address Appellant's present ability as measured at the time of trial. *See Montoya*, 291 S.W.3d at 425 (noting that the statutory definition of incompetency specifies the defendant's *present* ability).

We find nothing in the record suggesting the trial court abused its discretion in not ordering a competency hearing. As set out above, the record does not contain any evidence creating a bona fide doubt in the form of recent severe mental illness, at least moderate retardation, or truly bizarre acts by Appellant at the time of trial. *See McDaniel*, 98 S.W.3d at 710; *Kostura*, 292 S.W.3d at 746–47. Furthermore, Appellant expressly stated that he did not want to be evaluated for

9

competency when Zavoda filed a motion requesting an evaluation. Additionally, Appellant's statements and testimony showed that he had sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and that he had a rational as well as factual understanding of the proceedings against him. *See* CRIM. PROC. art. 46B.003(a). In this regard, the record reflects that Appellant had the capacity during the proceedings to disclose to counsel and the trial court pertinent facts, events, and states of mind and that he understood the adversarial nature of the proceedings. We overrule Appellant's sole issue in each appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


March 26, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

10



**UNITED STATES POSTAL SERVICE.**

Retail

[P]

**US POSTAGE PAID**

**$0.00**

6861 8.10 Oz

48889508602

1006

**PRIORITY MAIL ®2-Day**

Expected Delivery Day: 07/16/2015

**USPS TRACKING NUMBER**

9505 5101 2466 5195 0028 62

N. MICHAEL UNIT"
COLONY TX 75886

Victor D. White #1835570
Mark W. michael Unit
2664 Fm 2054
Tennessee Colony, TX 75886

Court of Criminal Appeals
Attn: Louise Pearson
Supreme Court Building
201 W. 14th, Room 106
P.O. Box 12308 Capitol Station
Austin, Texas
78711-2308

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE.**